Smith obtained judgment at law in this Court at September Term, 1792, for about £ 700, with stay of execution for six months. At that *Page 253 
time the executor had assets to the amount of $8,000 or $9,000. Before the six months were expired other judgments were obtained. The largest of these, to the amount of £ 541, the executors purchased. Under these executions, part of the property was sold, and in (286) 1796 a sale was made by the sheriff to satisfy the execution of £ 541. Before the expiration of the six months the property was removed to another county, and a sale was attempted afterwards to satisfy plaintiff's execution; but the executor and one of the heirs, now a defendant, drove away the bidders, and a sale was postponed. After this time the property could not be found by the sheriff.
Plaintiff's counsel insisted that the bill was a proper one, and in aid of the execution; for the lands could not be come at at law, since, although they were made assets by the will in the hands of the executor, they could not be sold by a common-law execution; neither could they be sold by a sci. fa. to be issued upon this judgment: the executor had not pleaded fully administered.
For the defendant it was argued that the executor was liable to be proceeded against as for a devastavit, and should be resorted to before recourse could be had to the lands. Indeed, the heirs cannot be proceeded against at all in equity, because the deficiency of assets was occasioned by the delay of execution, which the creditor consented to. It is the loss which took place in consequence of this delay that has forced the plaintiff to attempt a recovery against the heirs. Part of this property was not sold till 1796. Plaintiff's execution bore test before several others under which it was sold. Secondly, plaintiff can yet have remedy at law by an action of debt on the bond against the heirs, if they were liable to the debt under the circumstances of this case. Thirdly, plaintiff can have remedy at law by proceeding against the executors or the representatives of the executor, who, it is said, is now dead.
decided that, notwithstanding these objections, the bill in equity will lie, and decreed for the complainant. He said it is sufficient for the plaintiff that his execution was returned, "Nothing to be found." He need make no further proof. Possibly he might sue the heir upon the bond. He might, perhaps, by proceeding against the representatives of the wasting executor, recover; but he would meet with great difficulties in that way, if not finally defeated. And why take that course, when there is one more near and plain than the one he has taken? There can be no doubt but that this Court has jurisdiction over the cause. The will directs the executors to sell the lands for the payment of debts. It is a trust in them, and this Court is properly called on to enforce the execution thereof. *Page 254 
(287)